J-S18013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON KOEHLER I | : | |
| | : | |
| Appellant | : | No. 3007 EDA 2022 |

Appeal from the PCRA Order Entered October 28, 2022
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0000447-2004

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:         **FILED SEPTEMBER 14, 2023**

Jason Koehler I appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court found that Koehler's petition was untimely and failed to meet one of the enumerated exceptions to timeliness provided by the PCRA. After careful review, we affirm, based on our conclusion that Koehler's petition is patently untimely and fails to plead and prove an exception to the PCRA's timeliness requirement.

Koehler was found guilty of first-degree murder, third-degree murder, attempted murder, and related charges. **See** Trial Court Order, 12/14/2009. Koehler was sentenced to life in prison on the first-degree murder charge and

_____

[*] Former Justice specially assigned to the Superior Court.

a consecutive aggregate sentence of thirty-five and a half to seventy-three years' incarceration. *See id*. at ¶ 7.

On direct appeal, this Court affirmed Koehler's judgment of sentence. *See Commonwealth v. Koehler*, 1763 EDA 2010 (Pa. Super. filed June 27, 2011) (unpublished memorandum). Koehler filed a first, timely PCRA petition on March 19, 2013. *See* PCRA Court Opinion, 10/28/2013 at 3. Koehler claimed many instances of ineffective assistance of trial and appellate counsel which the PCRA court found to be meritless. *See id*. at 21. Koehler appealed and argued PCRA counsel's ineffectiveness in addition to that of trial and appellate counsel. *See Commonwealth v. Koehler*, 3059 EDA 2013 (Pa. Super. filed January 30, 2015) (unpublished memorandum). This Court affirmed the PCRA court's order, finding Koehler's claim against PCRA counsel waived as it was not raised below, and finding the claims against trial and appellate counsel meritless. *See id*. at 6-9.

Koehler filed the instant PCRA petition on August 17, 2022. *See* Petition for Post Conviction Collateral Relief, 8/17/22. The *pro se* petition sought to advance claims of PCRA counsel's ineffectiveness. *See id*. at 6-9. The PCRA court dismissed Koehler's petition as untimely, noting that he failed to prove his petition met any of the exceptions to the PCRA's time-bar. *See* PCRA Court Order, 10/28/22, ¶¶ 2-5. This timely appeal followed.

When we review an order dismissing a PCRA petition we determine whether the decision is supported by the record and free of legal error. *See Commonwealth v. Jarosz,* 152 A.3d 344, 350 (Pa. Super. 2016). Here, the

PCRA court determined it lacked jurisdiction to consider Koehler's petition because the petition was untimely and failed to prove an exception to the timeliness provision of the PCRA. ***See*** PCRA Court Order, 10/28/22, ¶¶ 2-5.

A PCRA petition must be filed within the one-year period immediately following the date on which the judgment of sentence becomes final. ***See Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). This time-bar implicates our jurisdiction, and we may not ignore it to assess the merits of a petition. ***See id***. A judgment of sentence becomes final when the direct review is complete or the time for seeking direct review expires. ***See id***.

Our review of the record reflects that Koehler's judgment of sentence was imposed on December 14, 2009. This Court affirmed the judgment of sentence on June 27, 2011.[1] Koehler's judgment of sentence became final on July 3, 2012, when his time to file a *writ of certiorari* to the Supreme Court of the United States expired. ***See*** U.S.Sup.Ct. Rule 13(1). The instant PCRA petition was filed on August 17, 2022, making it patently untimely. ***See*** Petition for Post Conviction Collateral Relief, 8/17/22.

Nevertheless, a petitioner may overcome the time-bar when they allege in their petition and prove one of three exceptions. ***See Hernandez***, 79 A.3d

---

[1] There is a discrepancy on the trial court docket, listing this Court's decision as being entered on May 24, 2012. A review of our docket shows that the decision was entered June 27, 2011, and Koehler filed a petition for allowance of appeal to the Supreme Court of Pennsylvania the same day. The petition for allowance of appeal was denied on April 4, 2012, and on May 23, 2012, the record was remitted to the trial court.

649, 651 (Pa. Super. 2013). These exceptions include: that the claim was not raised previously due to interference by government officials; that the petitioner previously did not know, and could not have known through due diligence, the facts of the claim earlier; and that the petitioner is asserting a right which has been recognized since the judgment of sentence became final and has been held to apply retroactively. **See** 42 Pa.C.S.A. § 9545 (b)(1)(i)-(iii). In order to successfully avail oneself of an exception to the time-bar, the petitioner must show that he raised his claim within sixty days of discovering the claim. **See Hernandez**, 79 A.3d 649, 652 (Pa. Super. 2013).

Here, Koehler failed to specifically plead an exception to the time bar in his PCRA petition. However he briefly cites to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), and makes a claim that it applies retroactively to preserve his claims of PCRA counsel's ineffectiveness, which we construe as an attempt to invoke the newly recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii). **See** Petition for Post Conviction Collateral Relief, 8/17/22, at 6-7. In Koehler's response to the PCRA court's notice of intent to dismiss his petition he further argued that the court should take guidance from **Bradley** and address the merits of his petition in the interest of justice. **See** Petitioner's Reply to the Court's Notice of Disposition without Hearing, 10/4/22, at 2-3.

Koehler argues that his claims spring from his first PCRA petition and he would have raised them with the PCRA court if he was prompted to at his

*Grazier*[2] hearing. *See id*. at 3. On appeal, Koehler amends his argument to include that PCRA counsel's ineffectiveness should be considered a new fact capable of meeting the newly discovered fact exception at 42 Pa.C.S.A.§ 9545(b)(1)(ii). *See* Appellant's Brief at 10. Koehler acknowledges that *Bradley* does not implicate a constitutional right but argues that the case should be applied retroactively. *See id*. at 11-14.

First, we note that the *Bradley* court held that a PCRA petitioner may raise claims of PCRA counsel's ineffectiveness for the first time on appeal. *See Bradley,* 261 A.3d 381, 401. Further, Bradley acknowledged that a PCRA petitioner has a rule-based right to effective assistance of counsel. *See id*. at 391. This Court has specifically interpreted our Supreme Court's ruling in *Bradley* to not recognize a constitutional right to file PCRA petitions outside of the one-year timeliness requirement as a means of addressing PCRA counsel's ineffectiveness. *See Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa. Super. 2023). The *Bradley* court did not hold that its ruling should apply retroactively as required by 42 Pa.C.S.A. § 9545(b)(1)(iii). Therefore, Koehler's attempt to use Bradley to satisfy the newly recognized constitutional right exception is misplaced. *See Commonwealth v. Murphy*, 180 A.3d 402, 405-406 (Pa. Super. 2018) (explaining that this Court cannot conclude that a new right can be applied retroactively unless either the Supreme Court of the

---

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998) (requiring on-the-record inquiry to determine whether criminal defendant's waiver of counsel is knowing, intelligent, and voluntary).

United States or the Supreme Court of Pennsylvania has explicitly declared it to be retroactive).

Next, we will address Koehler's assertion that PCRA counsel's ineffectiveness constitutes a newly discovered fact. The **Bradley** court noted that its holding did not extend to allowing a PCRA petitioner to claim discovery of ineffectiveness as a new fact that will overcome the time-bar. **See Bradley**, 261 A.3d 381, 404, n.18 (Pa. 2021). Further, in order to avail oneself of the newly discovered fact exception successfully, a petitioner must show that he did not know and could not have known through due diligence, the facts which he relies on in his petition. **See Commonwealth v. Reeves**, 296 A.3d 1228, 1232 (Pa. Super. 2023). Here, Koehler was aware of and raised PCRA counsel's ineffectiveness in his appeal of the denial of his first PCRA, in 2013. **See Commonwealth v. Koehler**, 3059 EDA 2013 (Pa. Super. filed January 30, 2015) (unpublished memorandum). For both of these reasons, Koehler may not rely on the newly discovered fact exception to subvert the time-bar.

As Koehler failed to successfully plead the existence of any exception to the PCRA's time-bar, the PCRA court correctly determined it lacked jurisdiction over Koehler's petition. **See Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013).

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* <u>9/14/2023</u>